66 F.3d 325
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Diane C. BEKIER, Plaintiff-Appellant,
v.
James A. KARNES, Sheriff of Franklin County, Ohio; Earl O.
Smith; John Rachfall, Defendants-Appellees.
 No. 94-4054.
 United States Court of Appeals, Sixth Circuit.
 Sept. 20, 1995.
 
 1
 Before: MILBURN and NELSON, Circuit Judges; and MORTON, District Judge.*
 
 ORDER
 
 2
 Diane C. Bekier appeals pro se the summary judgment in favor of the defendants in this civil rights action filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary relief, Bekier sued the defendants, Earl Smith, formerly the Sheriff of Franklin County, Ohio (who was in office during the time in question) in his official capacity; Sheriff James Karnes (Smith's successor) and John Rachfall, Medical Administrator for the Franklin County Sheriff's Department in their individual capacities; and "John and Jane Doe." Bekier alleged that the defendants violated her Eighth and Fourteenth Amendment rights when she was incarcerated for several days in the Franklin County Correctional Center. She claimed that the defendants were deliberately indifferent to her serious medical needs by failing to provide her promptly with her epilepsy medication, by failing to train staff personnel, and by failing to implement proper medical procedures. The district court granted summary judgment in favor of the defendants after concluding that Bekier failed to show that her constitutional rights were infringed pursuant to a policy or custom of the Sheriff's Department.
 
 
 4
 Upon review, we conclude that summary judgment was proper as there is no genuine issue as to any material fact and the defendants are entitled to judgment as a matter of law. See Fed.R.Civ.P. 56(c); City Mgmt. Corp. v. U.S. Chem. Co., 43 F.3d 244, 250 (6th Cir.1994).
 
 
 5
 Summary judgment in favor of defendants Smith and Rachfall was proper because these supervisory officials cannot be held liable under respondeat superior principles. Walton v. City of Southfield, 995 F.2d 1331, 1340 (6th Cir.1993). It is undisputed that these defendants had no personal knowledge of Bekier's incarceration and did not participate in any of the decisions that led to the delay in Bekier being provided her epilepsy medication.
 
 
 6
 Summary judgment in favor of the unidentified and unserved Doe defendants was also proper, because it does not appear that Bekier took any steps to find out who these defendants were and to have them served with summons and a copy of the complaint.
 
 
 7
 Summary judgment in favor of Sheriff Karnes was proper. Bekier sued Sheriff Karnes in his "representative" (or official) capacity. "A suit against an individual in his official capacity is the equivalent of a suit against the governmental entity." Matthews v. Jones, 35 F.3d 1046, 1049 (6th Cir.1994) (citing Will v. Michigan Dep't of State Police, 491 U.S. 58, 68 (1989)). It is well settled that a local governing body may not be sued under 42 U.S.C. Sec. 1983 for an injury inflicted solely by its employees or agents. Monell v. Dep't of Social Servs. of New York, 436 U.S. 658, 691-92 (1978); Johnson v. Hardin County, Ky., 908 F.2d 1280, 1285 (6th Cir.1990). Thus, an employer will not be held liable under Sec. 1983 unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. Monell, 436 U.S. at 691; Deaton v. Montgomery County, Ohio, 989 F.2d 885, 889 (6th Cir.1993).
 
 
 8
 The record in this case contains no proof that the Franklin County Sheriff's Department had a policy of deliberate indifference to Bekier's serious medical needs. Bekier's allegations that she was not provided her epilepsy medication in a timely fashion, a delay she claimed caused her to have several seizures and suffer injuries, identified only a single act of misconduct. "Proof of a single incident of unconstitutional activity is not sufficient to impose liability ... unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker." City of Oklahoma City v. Tuttle, 471 U.S. 808, 823-24 (1985). Bekier neither alleged nor attempted to prove that her constitutional rights were infringed pursuant to a policy or custom of the Sheriff's Department that routinely denied medication to pretrial detainees.
 
 
 9
 Finally, summary judgment was proper to the extent Bekier claimed that the Franklin County Sheriff's Department failed to conduct ongoing training programs for its medical personnel once they are employed, and that the medical personnel assigned to the Correctional Center perform duties not authorized under state statute. Franklin County's reliance on trained and licensed medical personnel to screen and treat incoming pretrial detainees is not the type of "failure to train" which can constitute deliberate indifference to these detainees' serious medical needs. Cf. Leach v. Shelby County Sheriff, 891 F.2d 1241 (6th Cir.1989), cert. denied, 495 U.S. 932 (1990).
 
 
 10
 Furthermore, "[Sec. 1983] is ... limited to deprivations of federal statutory and constitutional rights ... [and] does not cover official conduct that allegedly violates state law." Huron Valley Hosp., Inc. v. City of Pontiac, 887 F.2d 710, 714 (6th Cir.1989) (emphasis in the original). Thus, even if the Sheriff's Department medical staff rendered treatment not authorized by state law, the noncompliance, standing alone, is an insufficient basis for Sec. 1983 liability.
 
 
 11
 Accordingly, the district court's summary judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable L. Clure Morton, United States District Judge for the Middle District of Tennessee, sitting by designation